IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEANTA ANTWON LAVENDER, ) <br> AIS 333427, ) <br> ) <br>     Plaintiff, ) <br> v. ) <br> ) <br> KENNETH ABRAMS, *et al.*, ) <br> ) <br>     Defendants. ) | CASE NO. 2:23-cv-361-RAH-CSC <br> (WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Proceeding *pro se*, Plaintiff Deanta Antwon Lavender an Alabama prisoner at the Kilby Correctional Facility, filed this complaint on June 7, 2023, on a form used by inmates for filing 42 U.S.C. § 1983 actions. (Doc. 1.) Lavender names as defendants Kenneth Abrams, who is a Captain with the Tuscaloosa County Sheriff's Department, and Ron Abernathy, the Tuscaloosa County Sheriff. (*Id.* at 1–2.) Lavender challenges actions of the named defendants regarding his infection with a flesh-eating bacteria at the Tuscaloosa County Jail on or around March 7, 2023. (*Id.* at 2–3.). Upon consideration of Lavender's complaint, the court finds that this case should be transferred to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1391 and 28 U.S.C. § 1404.[1]

---

[1] Upon filing the complaint, Lavender filed a motion in support of a request for leave to proceed *in forma pauperis*. (Doc. 2.) The assessment and collection of any filing fees, however, should be undertaken by the United States District Court for the Northern District of Alabama.

## II.  DISCUSSION

A 42 U.S.C. § 1983 "action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses,  in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . ." 28 U.S.C. § 1404(a).

The events giving rise to the claims in Lavender's complaint apparently occurred at the Tuscaloosa County Jail, which is located in the federal jurisdiction for the Northern District of Alabama. It appears that the named defendants work and reside in Tuscaloosa County. Lavender identifies no events or omissions giving rise to his claims that occurred in the Middle District of Alabama, and he identifies no other basis for proper venue in the Middle District. Therefore, under 28 U.S.C. § 1391(b), the proper venue for Lavender's action is the Northern District of Alabama, and this case is due to be transferred under 28 U.S.C. § 1404(a).[2]

---

[2] In transferring this case, the court makes no determination with respect to the merits of the claims presented in the complaint.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1404(a).

It is further

ORDERED that the parties shall file any objections to this Recommendation by June 26, 2023. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 12th day of June, 2023.

/s/ Charles S. Coody  
CHARLES S. COODY  
UNITED STATES MAGISTRATE JUDGE